UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

DR. MICHAEL C. GRAYSON,

                Plaintiff,

v.

EQUIFAX CREDIT INFORMATION SERVICES,
and EQUIFAX INFORMATION SERVICES LLC,

                Defendants.

---------------------------------------------------------------

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
18-CV-6977 (MKB)

MARGO K. BRODIE, United States District Judge:

    Plaintiff Dr. Michael C. Grayson, proceeding *pro se*, filed the above-captioned action on December 4, 2018, against Defendants Equifax Credit Information Services and Equifax Information Services LLC. (Compl., Docket Entry No. 1.) On April 23, 2019, Plaintiff filed an application for a temporary restraining order ("TRO") and a preliminary injunction ("PI"). (Pl. App. for TRO and PI, Docket Entry No. 15.) For the reasons set forth below, the Court denies the application.

    **I. Background**

    Plaintiff seeks a TRO and a PI enjoining Defendants from "false credit reporting, creditor harassment, false communication with other credit bureaus, supplying false information to potenti[al] creditors, blocking access to proper medical treatment, [and] credit score suppression." (*Id.* at 1.) In addition, Plaintiff is "requesting that the Defendant[s] be ordered to follow the law and report [his] credit accurately so that [he] can get proper medical treatment and save [his] leg and [his] life." (*Id.*) Plaintiff attaches a printed image to his application, but it is not clear what the image depicts. (*Id.* at 3.) Plaintiff also attaches a letter from Monox Billing

Service addressed to Plaintiff that reads, "Dear Patient, Please note that Dr. Lemoine does not participate with New York Medi-Cal. Therefore[,] the balance amount is now your responsibility. . . . The Doctor has agreed to give you a 30% discount on the bill." (*Id.* at 4.)

**II. Discussion**

A TRO and a PI are extraordinary remedies that will not be granted lightly. *See Borey v. Nat. Union Fire Ins. Co.*, 934 F.2d 30, 33 (2d Cir. 1991). To obtain either, a plaintiff must show "a likelihood of success on the merits, a likelihood of irreparable harm in the absence of preliminary relief, that the balance of equities tips in [the plaintiff's] favor, and that an injunction is in the public interest." *See Am. Civil Liberties Union v. Clapper*, 804 F.3d 617, 622 (2d Cir. 2015) (citing *Winter v. NRDC*, 555 U.S. 7, 20 (2008)). A plaintiff may also obtain a TRO or a PI by showing, in the alternative, "irreparable harm and either a likelihood of success on the merits or 'sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward [the plaintiffs].'" *Am. Civil Liberties Union v. Clapper*, 785 F.3d 787, 825 (2d Cir. 2015) (quoting *Christian Louboutin S.A. v. Yves Saint Laurent Am. Holdings, Inc.*, 696 F.3d 206, 215 (2d Cir. 2012)).

Plaintiff's application fails to state any facts from which the Court could conclude that a TRO or PI is appropriate. Plaintiff has not shown a likelihood of success on the merits, a likelihood of irreparable harm, that the balance of equities tip in his favor, or that an injunction is in the public interest. *See Clapper*, 804 F.3d at 622. Plaintiff also has not shown or argued that there are "sufficiently serious questions going to the merits to make them fair ground for litigation and a balance of hardships tipping decidedly towards" him. *Clapper*, 785 F.3d at 825.

## III. Conclusion

Accordingly, the Court denies Plaintiff's application for a TRO and a PI.

Dated: April 24, 2019
       Brooklyn, New York

                                  SO ORDERED:

                                  s/ MKB
                              MARGO K. BRODIE
                              United States District Judge