UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
DR. MICHAEL C. GRAYSON,

                                 Plaintiff,                        MEMORANDUM
                                                                           AND ORDER

            -against-                                        18-cv-6977 (DG)

EQUIFAX CREDIT INFORMATION SERVICES,

                                 Defendant.
-------------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       By Memorandum and Order dated October 17, 2022, this Court granted in limited part the motion filed by *pro se* plaintiff Michael C. Grayson ("plaintiff") to extend fact discovery, which had closed on September 22, 2022. See Memorandum and Order (Oct. 17, 2022), DE #121. Despite finding a lack of good cause due to plaintiff's failure to act diligently, the Court reopened discovery until November 10, 2022 for the limited purpose of completing discovery that was timely demanded before the close of fact discovery on September 22, 2022. See id. at 5. In addition, the Court permitted plaintiff to conduct a deposition of defendant Equifax Information Services LLC ("defendant" or "Equifax") "on matters of identity theft," pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. See id.

       On October 24, 2022, this Court held a discovery hearing concerning plaintiff's motion to compel discovery responses from defendant. As relevant here, the Court permitted plaintiff to serve a limited number of reformulated, narrow interrogatories and, to the extent that defendant objected, the Court would determine whether defendant was required to respond. See Minute Entry (Oct. 24, 2022), DE #123. Now, plaintiff has served 20 interrogatories and

defendant has objected to responding to 14 of those interrogatories on various grounds.  See Letter (Oct. 31, 2022) ("10/31/22 Ltr."), DE #129.  The Court rules as follows.

## DISCUSSION

Regarding interrogatories 5, 9, 10, 12, 13, 15, 17, 20, defendant need not respond.  Each of those interrogatories seeks the identification of defendant's employees who "can speak to" particular conduct (or inaction) by defendant.  As plaintiff noted at the October 24th hearing, he seeks this information to identify defendant's employees for the purpose of conducting depositions.  However, since discovery is closed but for a Rule 30(b)(6) deposition of defendants' representative, the time to identify defendant's decisionmakers in order to notice their depositions has long passed.

Regarding interrogatories 2 through 4, defendant's objections on statute of limitations grounds are overruled.  As to each of those interrogatories, defendant responded that it would not answer interrogatories concerning events that "occurred [before] December 4, 2016."  "The statute of limitations is not a rigid barrier separating discoverable information from information outside the scope of discovery."  Gottesman v. Santana, Case No.: 16-cv-2902 JLS (JLB), 2017 WL 5889765, at *5 (S.D. Cal. Nov. 29, 2017); see In re New Century, No. CV 07-0931 DDP (FMOx), 2009 WL 9568860, at *2 (C.D. Cal. July 8, 2009) (citations omitted) ("In general, courts allow discovery to extend to events before and after the period of actual liability so as to provide context."); see also Empire Volkswagen, Inc. v. World–Wide Volkswagen Corp., 95 F.R.D. 398, 399 (S.D.N.Y. 1982) ("discovery in antitrust cases routinely goes beyond the statutory period, and plaintiff is permitted to discover defendant's activities for a reasonable period of time antedating the earliest possible date of the actionable

wrong") (internal quotation marks and citations omitted). Plaintiff alleges, *inter alia*, that he was a victim of identity theft in 2014, sent Equifax a package of information regarding the theft that same year, and had numerous communications with defendant before December 2016. Importantly, defendant does not contend that the information requested is irrelevant to the allegations in the Third Amended Complaint. Accordingly, discovery for the period prior to December 4, 2016 may yield useful background information. In fact, defendant has agreed to respond to interrogatory 1, which concerns events that took place on March 31, 2014. See 10/31/22 Ltr. at 1. Moreover, the statute of limitations is an affirmative defense that defendant has not yet established in this case. The Court declines to limit discovery on that ground.

Nevertheless, interrogatories 2 through 4, as well as interrogatories 14, 16 and 18, as phrased, are somewhat ambiguous. Accordingly, plaintiff would be better served by exploring those areas at defendant's Rule 30(b)(6) deposition.

## CONCLUSION

For the foregoing reasons, defendant is not required to respond to the disputed interrogatories. Plaintiff may explore the areas relevant to interrogatories 2 through 4, and interrogatories 14, 16 and 18, at defendant's Rule 30(b)(6) deposition.

**SO ORDERED.**

**Dated:** Brooklyn, New York
November 3, 2022

/s/ *Roanne L. Mann*
**ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE**