UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Dr. Michael C. Grayson,

                              Plaintiff,                  **MEMORANDUM & ORDER**
                                                                                                 18-CV-06977 (DG) (LB)

        -against-

Equifax Information Services LLC,

                              Defendant.
------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

       By Order to Show Cause dated February 3, 2025 (the "Order to Show Cause"), *pro se* Plaintiff Michael C. Grayson was ordered to show cause, by February 5, 2025 at 1:00 p.m., why this action should not be dismissed with prejudice in light of Plaintiff's numerous failures to comply with Court orders and in light of Plaintiff's baseless attacks on his adversary and on judges of this Court. *See* Order to Show Cause, ECF No. 236.[1] The Order to Show Cause is incorporated herein.

---

[1] On October 18, 2024, the Court set a trial date of May 5, 2025 but informed the parties that they must be trial ready starting February 10, 2025, on one week's notice. *See* Minute Entry for October 18, 2024 conference. By Order dated December 13, 2024, the Court reminded the parties that they must be trial ready starting February 10, 2025, on one week's notice. *See* December 13, 2024 Order. By Order dated January 10, 2025, the Court again reminded the parties that they must be trial ready starting February 10, 2025, on one week's notice. *See* ECF No. 226 at 2 n.1. On January 30, 2025, the Court informed the parties that trial would commence on February 10, 2025. *See* Minute Entry for January 30, 2025 conference. Plaintiff did not raise any objection to the requirement that the parties be trial ready starting February 10, 2025, on one week's notice. *See generally* docket. The deadline for Plaintiff to show cause was set for February 5, 2025 in light of the February 10, 2025 trial date.

The Order to Show Cause followed the January 31, 2025 filing of a letter by Defendant Equifax Information Services LLC, ECF No. 235, that was deemed to be a motion to dismiss this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See* Order to Show Cause at 1.

Familiarity with the Order to Show Cause and with the entirety of the record in this action is assumed herein.  Importantly, in light of the Court's September 29, 2023 Order, which, *inter alia*, granted in part Defendant's motion for summary judgment, ECF No. 143, what remains in this action is limited to: (1) Plaintiff's negligence claims pursuant to Sections 1681e(b) and 1681i of the Fair Credit Reporting Act as they relate to Defendant's removal of the U.S. Bank auto loan account from Plaintiff's credit file in June 2017, and (2) Plaintiff's claim for actual economic damages resulting from the denial of credit by Comenity.  *See* September 29, 2023 Order; *see also* ECF No. 170.

By letter filed on February 4, 2025 (hereinafter, "Plaintiff's Response"), Plaintiff responded to the Order to Show Cause.  *See* Plaintiff's Response, ECF No. 238.[2]

By letter filed on February 5, 2025 (hereinafter, "Defendant's Reply"), Defendant replied to Plaintiff's Response.  *See* Defendant's Reply, ECF No. 239.

Having considered the record to date, the applicable law, and Plaintiff's *pro se* status, the Court concludes that dismissal of this action with prejudice is warranted on two separate and independent grounds for the reasons set forth below.[3]

## DISCUSSION

### I.  Dismissal Pursuant to Rule 41(b)

Dismissal of this action with prejudice is warranted pursuant to Rule 41(b) of the Federal

---

[2] When citing to Plaintiff's Response, the Court refers to the page numbers generated by the Court's electronic case filing system ("ECF").

Plaintiff's Response, which references the February 3, 2025 Order to Show Cause, is erroneously dated January 31, 2025.  *See* Plaintiff's Response at 1.

[3] In light of Plaintiff's *pro se* status, the Court liberally construes Plaintiff's filings in this action.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Rules of Civil Procedure for Plaintiff's failure to prosecute and to comply with court orders.

"Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action '[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (alterations in original) (quoting Fed. R. Civ. P. 41(b)); *see also Zappin v. Doyle*, 756 F. App'x 110, 111-12 (2d Cir. 2019) ("Although not explicitly authorized by Rule 41(b), a court may dismiss a complaint for failure to prosecute *sua sponte*." (citing *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998))). "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste*, 768 F.3d at 216 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Id.*

Here, a weighing of the applicable factors strongly counsels in favor of dismissal of this action with prejudice.

As set forth in the Order to Show Cause, Plaintiff has repeatedly failed to comply with Court orders. *See generally* docket; Order to Show Cause. Plaintiff has failed to comply with Court-ordered deadlines and has failed to comport himself consistent with the Court's Order granting in part Defendant's motion for summary judgment and the Court's subsequent Orders indicating that Plaintiff shall cease attempting to relitigate issues already decided and that failure to do so may result in sanctions. *See, e.g.*, December 19, 2023 Order (noting that Plaintiff "revisits many of the arguments he raised in his motion for summary judgment and opposition to defendant's cross-motion for summary judgment" and that "[t]he Court already addressed and

3

rejected those arguments;" stating that Plaintiff "cannot engage in frivolous motion practice to impede a speedy resolution of his case;" and "warn[ing] that if [Plaintiff] continues to litigate this case and present arguments that the Court unambiguously rejected, the Court may impose sanctions against him" (quotation and ellipsis omitted)); August 14, 2024 Order (warning Plaintiff against the filing of frivolous motions); ECF No. 181 (Plaintiff attempting to relitigate issues decided on summary judgment); ECF No. 188 (same); ECF No. 204 (same); ECF No. 223 (Defendant's 10 motions *in limine*, aimed largely at precluding Plaintiff from presenting irrelevant and/or unfairly prejudicial evidence and arguments at trial).  Notably, notwithstanding being granted extensions by the Court *sua sponte*, Plaintiff failed to comply with trial-related deadlines.  *See* ECF No. 226 (January 10, 2025 Order establishing various trial-related deadlines, including deadlines for the parties to exchange their exhibits and to provide their exhibits and exhibit lists to the Court and for each party to submit a list of, *inter alia*, potential witnesses); Minute Entry for January 30, 2025 conference (reflecting various trial-related deadlines, including extensions afforded to Plaintiff by the Court *sua sponte*); *see generally* docket.[4] Plaintiff even failed to comply with the Court's direction regarding the filing of a joint letter with respect to *Plaintiff's* anticipated trial testimony.  *See* Minute Entry for January 30, 2025

---

[4] Although Plaintiff appears to take issue with certain deadlines set at the January 30, 2025 conference, *see* Plaintiff's Response at 3-4, Plaintiff fails to mention that those deadlines represented *extensions* of original deadlines with which Plaintiff already had failed to comply.  For example, Plaintiff's original deadline for providing his exhibits to Defendant and providing his exhibits and exhibit list to the Court was January 24, 2025.  *See* ECF No. 226; *see also* Defendant's Reply at 2-3.  Plaintiff also appears to take issue with being required to provide hard copies of his exhibits to the Court – a requirement that is set forth in the Court's Individual Practice Rules, which Rules Plaintiff has been told he must comply with.  *See* Individual Practice Rule IV.C.1; *see, e.g.*, August 14, 2024 Order.  Notably, the Court indicated at the January 30, 2025 conference that in addition to providing hard copies as required by the Court's Individual Practice Rules, Plaintiff could submit his exhibits electronically.  Plaintiff provided neither hard copies nor electronic copies of his exhibits.

4

conference; ECF No. 237; *see generally* docket.

Defendant has been prejudiced in the preparation of its defense by Plaintiff's non-compliance and resulting delay in the proceedings and Defendant will continue to be prejudiced. Defendant persuasively asserts that Defendant "now is unfortunately completely hamstrung in its ability to try this case." *See* Defendant's Reply at 3. The prejudice to Defendant is particularly acute in light of Plaintiff's history of attempting to relitigate issues already decided against him during the pendency of this action. As recently as the January 30, 2025 conference, Plaintiff indicated an intent to offer at trial evidence that is not relevant to the narrow claims that remain in this action – for example, testimony of Plaintiff's doctor about Plaintiff's medical condition. Further, notwithstanding that the Court informed Plaintiff at the January 30, 2025 conference that he would be precluded from offering at trial any exhibits not provided to the Court and opposing counsel by the new deadline set – which deadline has since passed – Plaintiff's Response suggests that Plaintiff still intends to seek to offer exhibits at trial. *See* Minute Entry for January 30, 2025 conference; *see generally* Plaintiff's Response. Indeed, when discussing his exhibits, Plaintiff references "9000 pages." *See* Plaintiff's Response at 3. To the extent that Plaintiff seeks to have the Court revisit the issue of preclusion of exhibits, remarkably, Plaintiff still has not provided any exhibits – nor has Plaintiff submitted his witness list or the required information about his own anticipated testimony.[5]

---

[5] Based on the nature of the claims remaining, two days were allotted for trial. *See* Minute Entry for October 18, 2024 conference; Minute Entry for January 30, 2025 conference. The Court notes that the number of pages of exhibits referenced by Plaintiff seems excessive. However, without having received a single page, let alone 9,000, the Court could not conclusively determine whether any given page would be admissible at trial even assuming *arguendo* that the Court was inclined to allow Plaintiff to offer untimely-provided exhibits.

In contrast to Plaintiff's failure to timely provide his exhibits to Defendant – and notwithstanding Plaintiff's apparent attempts to misrepresent the record on this issue, *see*

5

The Court has a strong interest in managing its docket – an interest that has been undermined by Plaintiff's failure to comply with Court orders. Plaintiff has had more than ample opportunity to be heard. Indeed, Plaintiff has had more process afforded to him than that to which he is entitled – for example, he has been afforded numerous deadline extensions, including *sua sponte* extensions. *See generally* docket. By failing to provide certain trial-related materials in a timely manner – or ever – and by incessantly seeking to relitigate issues already decided, Plaintiff has interfered with the Court's management of its docket.

As set forth in the Order to Show Cause, Plaintiff has been warned on multiple occasions (and by more than one judge) that his conduct could result in sanctions – indeed, he has been warned that failure to comply with Court orders could result in dismissal of this action. *See* Order to Show Cause at 2-3. Further, the Order to Show Cause put Plaintiff on notice that Plaintiff's failure to respond to the Order to Show Cause and/or to show cause why this action should not be dismissed "will result in dismissal of this action with prejudice." *See* Order to Show Cause at 6. Plaintiff's showing falls short.

The record suggests that a lesser sanction than dismissal with prejudice would not be effective in compelling Plaintiff to comply with Court orders and move his case forward. As noted, even though the case is now on the eve of trial, Plaintiff has failed to submit required trial-related materials. Plaintiff is not acting in a manner that suggests that he is serious about prosecuting those claims that remain post-summary judgment. As noted in the Order to Show Cause, Defendant hypothesizes, in substance, that Plaintiff brought this action at least in part to bolster his business. *See* Order to Show Cause at 4. Whatever the reason behind the lawsuit, it is

---

Plaintiff's Response – the record reflects that Defendant timely provided its exhibits to Plaintiff. *See generally* Defendant's Reply.

notable that Plaintiff continues to raise issues that are beyond those relevant to the remaining claims. This was evident at the January 30, 2025 conference during the discussion regarding Defendant's motions *in limine* to exclude certain evidence. No lesser sanction than dismissal with prejudice would compel Plaintiff to obey Court orders and move his case – *i.e.*, those claims that remain post-summary judgment – forward. Despite the best efforts of the Court to bring Plaintiff's conduct into compliance with relevant orders and applicable rules and despite the best efforts of Defendant to encourage Plaintiff's compliance, Plaintiff remains undeterred in his efforts to avoid compliance.[6]

Dismissal with prejudice is warranted under Rule 41(b) of the Federal Rules of Civil Procedure.

## II.     Dismissal for Bad Faith, Abusive Conduct

Dismissal with prejudice also is warranted as a sanction for Plaintiff's bad faith, abusive conduct – both toward his adversary and toward judges of this Court, which conduct was described in the Order to Show Cause and is well documented in the record. *See* Order to Show Cause at 3-5 (setting forth that Plaintiff has (1) baselessly accused Defendant of using fabricated evidence and of committing fraud on the Court and baselessly accused two judges of this Court of condoning and/or being complicit in such activity; (2) baselessly accused judges of this Court of violating their oaths; and (3) baselessly suggested that judges of this Court are racist). In arriving at this conclusion, the Court has taken into consideration Plaintiff's *numerous* bad faith, abusive filings and has taken into consideration Plaintiff's inappropriate conduct in court, including at the October 18, 2024 conference. Plaintiff's *pro se* status does not excuse his

---

[6] Counsel for Defendant has demonstrated professionalism – and patience – in the face of unwarranted delay and baseless attacks by Plaintiff.

7

conduct. Plaintiff has failed to heed the Court's warnings about the consequences of his conduct. Indeed, notwithstanding such warnings, Plaintiff has continued to flout Court orders intentionally, willfully, and in bad faith. Notably, in Plaintiff's Response, Plaintiff does not even reference that portion of the Order to Show Cause that discusses his abusive conduct, let alone attempt to show cause why this action should not be dismissed with prejudice on the basis of his baseless attacks on his adversary and on judges of this Court. Plaintiff's silence on this issue is telling. There simply is no excuse or valid explanation for his conduct.[7]

The United States Court of Appeals for the Second Circuit has stated, in the context of addressing dismissal as a sanction in a case involving a *pro se* litigant, that "dismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault by the non-compliant litigant." *See Koehl v. Bernstein*, 740 F.3d 860, 862 (2d Cir. 2014) (quotation omitted). The Court has no trouble concluding that this standard has been met here. This is an "extreme situation" warranting the sanction of dismissal with prejudice. The record contains *numerous* instances of willfulness, bad faith, and fault by Plaintiff, over a considerable period of time. *See generally* docket; Order to Show Cause (referencing various instances of Plaintiff's offending conduct). As Defendant has previously noted: "Enough is enough." *See* ECF No. 206 at 6; *see also* ECF No. 190 at 3.

## CONCLUSION

For the reasons set forth above, this action is DISMISSED with prejudice. Such dismissal is pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and, separately and

---

[7] As Defendant notes in Defendant's Reply, "Plaintiff's response does not in any way address – much less dispute – his inappropriate conduct over the course of this litigation" and Plaintiff's "completely inappropriate comments are sufficient grounds alone to dismiss this case." *See* Defendant's Reply at 1-2 (citing *Koehl v. Bernstein*, 740 F.3d 860, 862-64 (2d Cir. 2014)).

8

independently, is a sanction for Defendant's bad faith, abusive conduct.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

                                                  */s/ Diane Gujarati*
                                                DIANE GUJARATI
                                                United States District Judge

Dated: February 6, 2025
       Brooklyn, New York